Filed 11/18/21  Novoa v. Sespe Medical CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| HIDANIA NOVOA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SESPE MEDICAL, INC. et al.,<br><br>    Defendants and Respondents. | 2d Civ. No. B310302<br>(Super. Ct. No. 56-2019-00537320-CV-FR-VTA<br>(Ventura County) |

Hidania Novoa appeals a judgment entered on the pleadings in favor of Sespe Medical, Inc., Bautista Medical Group Southern California, Inc., and Jorge Bautista.[1]  We conclude that the one-year limitations period of Code of Civil Procedure section 340.5 bars Novoa's causes of action for intentional misrepresentation and concealment, and affirm.[2]

---

[1] We refer to defendants collectively as "Sespe" except where clarity demands that we draw a distinction.

[2] All statutory references are to the Code of Civil Procedure.

This appeal concerns Novoa's claims against Sespe arising during the course of her medical treatment following her pregnancy. Novoa alleges that Sespe mishandled her employment disability forms, causing her employer to dismiss her. Specifically, she alleges that Jorge Bautista misrepresented to her that he was a licensed physician instead of a physician's assistant. Among other defenses, Sespe responds that Novoa's claims arise from the rendering of medical professional services to which the one-year limitations period of section 340.5 applies. The trial court agreed and granted Sespe's motion for judgment on the pleadings.

*FACTUAL AND PROCEDURAL HISTORY*

On December 13, 2019, Novoa filed a complaint for intentional misrepresentation and concealment against Sespe. She alleges that in 2017 she was on a pregnancy leave of absence and was treated by Bautista, who represented himself as a licensed physician. Novoa's employer, the City of Oxnard, requested written information from Bautista regarding Novoa's disability. Bautista did not respond timely and eventually provided incomplete information. He instructed Novoa to complete the information on the disability form, which she eventually did. Novoa alleges that her employer then dismissed her from employment for altering the disability form. Bautista later sent a detailed letter to the employer to clarify the misunderstanding. It was through this January 2, 2018, detailed letter that Novoa learned that Bautista was not a licensed physician, but rather a physician's assistant.

Sespe filed a motion for judgment on the pleadings, asserting that section 340.5 barred Novoa's lawsuit. The trial court agreed and granted the motion without leave to amend. In

2

its written ruling, the court stated: "[Novoa's] cause of action for fraud . . . is directly related to the manner in which defendants provided professional services. The claim emanates from the manner in which defendants performed and communicated the results of medical tests, a matter that is an ordinary and usual part of medical professional services."

Novoa appeals and contends that the trial court erred by applying the one-year limitations period of section 340.5 to her claims.

## DISCUSSION

Novoa argues that her allegations of fraud against Sespe do not concern and are extrinsic to her medical treatment. She relies upon *Bigler-Engler v. Breg, Inc.* (2017) 7 Cal.App.5th 276, 321 [fraud and other intentional torts action against physician-shareholder of medical device] and *Unruh-Haxton v. Regents of University of California* (2008) 162 Cal.App.4th 343, 351 [physicians sold patients' eggs and pre-embryos for personal financial gain].

A motion for judgment on the pleadings is similar to a general demurrer and attacks those defects disclosed on the face of the pleadings. (*Julian Volunteer Fire Co. Assn. v. Julian-Cuyamaca Fire Protection Dist.* (2021) 62 Cal.App.5th 583, 598.) We assume the truth of properly alleged facts and then determine whether the complaint states a cause of action. (*National Shooting Sports Foundation, Inc. v. State of California* (2018) 5 Cal.5th 428, 432; *Julian*, at p. 598.) We independently review the trial court's ruling. (*Julian*, at p. 598.)

Section 340.5 establishes a one-year limitations period for any action for injury or death against a health care provider based upon such person's alleged professional negligence. The

3

one-year period runs from the date "the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury." (*Ibid.*) "Professional negligence" is "a negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury or wrongful death." (*Id.*, subd. (2); *Smith v. Ben Bennett, Inc.* (2005) 133 Cal.App.4th 1507, 1514.)

Additional causes of action frequently arise from the same facts as a medical malpractice cause of action. (*Smith v. Ben Bennett, Inc.*, *supra*, 133 Cal.App.4th 1507, 1514.) These causes of action include battery, fraud, breach of contract, and intentional infliction of emotional distress, among others. (*Ibid.*; *Tell v. Taylor* (1961) 191 Cal.App.2d 266, 271 [fraud allegations against physician treated as malpractice action].) Thus, when a plaintiff asserts a claim against a health care provider on a legal theory other than professional negligence, the court must determine whether the claim is nevertheless based upon the health care provider's professional negligence. (*Smith*, at p. 1514.) In making this determination, the court focuses upon the nature of the claim, not the label or form of action selected by the plaintiff. (*Larson v. UHS of Rancho Springs, Inc.* (2014) 230 Cal.App.4th 336, 352 [allegations that physician battered plaintiff patient subject to limitations period for professional negligence]; *Davis v. Superior Court* (1994) 27 Cal.App.4th 623, 627 [allegations that defendant physicians falsified medical findings subject to limitations period for professional negligence].)

Moreover, a medical professional may commit a negligent act in rendering medical care, thereby causing injury, even if no medical skills were required to complete the task. (*Flores v.*

*Presbyterian Intercommunity Hospital* (2016) 63 Cal.4th 75, 86 [failure to raise patient's bedrail].)  The test is not whether the treatment called for a high or a low level of skill or whether a high or low level of skill was employed.  (*Ibid.*)

Here Novoa's fraud claims emanate from the manner in which Bautista performed and communicated the results of medical tests and professional evaluation, a matter that is an ordinary and usual part of medical professional services. (*Central Pathology Service Medical Clinic, Inc. v. Superior Court* (1992) 3 Cal.4th 181, 192-193 (*Central Pathology*) [plaintiff's claims of fraud by laboratory and physician arose from manner in which professional medical services provided].)  Novoa's efforts to remove her claims from the one-year limitations period of section 340.5 by labeling the claims as fraud are to no avail.  (*Central Pathology*, at pp. 192-193.)  Our analysis of the allegations of Novoa's complaint persuades us that the nature and cause of her injury directly relate to the manner in which professional medical services were provided.  Moreover, Novoa alleges that she was aware of the allegations giving rise to her claims no later than January 23, 2018, almost two years before she filed her complaint.  She does not suggest how she can cure the defect of the limitations period by amending her complaint.

Novoa's reliance on *Bigler-Engler v. Breg, Inc.*, *supra*, 7 Cal.App.5th 276, 321, and *Unruh-Haxton v. Regents of University of California*, *supra*, 162 Cal.App.4th 343, 352, does not assist her argument.  In *Bigler-Engler*, the physician realized financial gain from the sale and rental of a medical device he prescribed to the patient.  He did not inform the patient of his financial interest in the device, a collateral course of conduct to his provision of professional medical services.  In *Unruh-Haxton*, patients

undergoing fertility treatments filed intentional tort actions against physicians and a fertility clinic alleging that patients' eggs and pre-embryos were sold by defendants for financial gain. The lawsuit concerned "the intentional and malicious quest to steal genetic material." (*Id.*, at p. 356.) Here Sespe's inaccuracy and tardiness in completing a disability form relate to a matter that is a usual and ordinary part of professional medical services.

## DISPOSITION

The judgment is affirmed. Respondents are to recover costs.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

Benjamin F. Coates, Judge

Superior Court County of Ventura

_____


Rodney T. Lewin and Randall A. Spencer for Plaintiff and Appellant.

Heller & Edwards and Mark L. Edwards for Defendants and Respondents.